## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ELENA OSBORNE, ET AL.                                            CIVIL ACTION

VERSUS

TIM HOOPER, ET AL.                                            NO. 23-00701-BAJ-RLB

### RULING AND ORDER

This is a civil rights wrongful death action. Plaintiff Elena Osborne and Plaintiffs Les'daionne and Les'daiontae Osborne, her children, brought this suit against, among others, Warden of Louisiana State Penitentiary (LSP) Tim Hooper, LSP Medical Director Randy Lavespere, LSP Deputy Warden Ashli Oliveaux, Louisiana Department of Public Safety and Corrections (DPSC) Secretary James LeBlanc, and DPSC itself, for the death in custody of Lester George, the father of Les'daionne and Les'daiontae. Plaintiffs allege violations of Louisiana state law and George's Fourteenth Amendment and Article IV federal constitutional rights under 42 U.S.C. § 1983. Now before the Court is the above-named Defendants' **Rule 12(b)(1) Motion to Dismiss (Doc. 20)**. The Motion is opposed. (Doc. 22). For the reasons that follow, the Motion will be granted.

### I.    BACKGROUND

The following allegations are accepted as true for present purposes:

Lester George was serving a state prison sentence at LSP. (Doc. 1 ¶ 6). On at least two occasions while incarcerated prior to his death, George was hospitalized

following drug use. (*Id.* ¶ 7). Drugs were readily available in George's unit at LSP. (*Id.* ¶ 11). Defendants were aware of the steady flow of drugs and failed to correct it. (*Id.*). Due to Defendants' failure to take steps to correct the drug problem, George had access to drugs while in custody. (*Id.* ¶ 12). In August 2022, drugs containing fentanyl were introduced to George's unit. (*Id.* ¶ 13). Doe Defendants 1–5 failed to adequately screen the individual who introduced the drugs. (*Id.* ¶ 15). Additionally, George's unit was understaffed with security personnel at the time. (*Id.* ¶ 18). George consumed the drugs containing fentanyl, overdosed, and died at a local hospital on August 10, 2022. (*Id.* ¶ 19).

Plaintiffs brought suit against the above-named Defendants in their official capacities as officers of DPSC, seeking monetary damages from them and from DPSC itself. (*Id.* ¶ 4).[1] Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Eleventh Amendment "bars all federal and state law claims brought" against them by Plaintiffs. (Doc. 24 at 1).

## II.     LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Product Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."

---

[1] Plaintiff Elena Osborne amended her Complaint to add Les'daionne and Les'daiontae, George's children, as Plaintiffs. (Doc. 19).

*Id.* (quotations omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). When a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). In determining whether the court has subject matter jurisdiction, it may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *see also Ramming*, 281 F.3d at 161.

The Eleventh Amendment bars suits by private citizens against a non-consenting state in federal court. *Rozas v. Louisiana through Louisiana Workforce Comm'n*, No. CV 14-796, 2016 WL 1226788, at *2 (M.D. La. Mar. 28, 2016) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). Louisiana has not waived its sovereign immunity under the Eleventh Amendment. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); La. R.S. § 13:5106(A). Even where the state itself is not named as a defendant, "a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of a State rather than the State itself." *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). A state's sovereign immunity also precludes actions against state officers sued in their official capacity. *Bd. of Trs. of the Univ. of*

3

*Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

Sovereign immunity is not limitless, however. Under *Ex parte Young*, 209 U.S. 123, 167–68 (1908), "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). Put simply, *Ex parte Young* only applies to prospective claims seeking future relief, and it applies only to federal claims.

Here, Plaintiffs have brought state and federal law claims against an agency of the state, DPSC, and numerous state officers in their official capacity. These claims are for monetary damages from the death in custody of George. By definition, these are not prospective claims. Because Plaintiffs bring claims under federal and state law against a state agency and its officers in their official capacity, the Eleventh Amendment bars Plaintiffs' claims.

In their opposition, Plaintiffs fail to meaningfully contest these findings. Instead, Plaintiffs point to other lawsuits that have sought injunctive relief against DPSC, and argue that their Complaint, which also seeks "[a]ll other relief as appears just and proper" to the Court, (Doc. 1 at 17), satisfies *Ex parte Young*'s requirement for prospective relief. (Doc. 22 at 5). But Plaintiffs' vague request for all "just and proper" relief does not constitute a claim for prospective relief. Nor are other, unconnected lawsuits relevant to the viability of Plaintiffs' claims here. Moreover, the gravamen of Plaintiffs' claim is that Defendants failed to protect George, which resulted in his tragic death in custody. No prospective relief can remedy George's

4

death. For these reasons, the Court finds that *Ex parte Young* does not apply to Plaintiffs' claims. Plaintiffs' claims will therefore be dismissed. *Garig v. Travis*, No. CV 20-654, 2022 WL 868519, at *8 (M.D. La. Mar. 22, 2022) (granting motion to dismiss and rejecting plaintiff's attempt to rely on *Ex parte Young*, because the complaint sought monetary damages against the state officers in their official capacity, not relief that was "declaratory or injunctive in nature and prospective in effect").

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Rule 12(b)(1) Motion to Dismiss (Doc. 20)** be and is hereby **GRANTED**, and Plaintiffs' claims against Defendants Hooper, Lavespere, LeBlanc, Oliveaux, and DPSC be and are hereby **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs' additional claims remain pending.

Baton Rouge, Louisiana, this 25th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**